**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **IN RE:** | : |
| | : |
| **MIDDLE GEORGIA VASCULAR SURGERY** | :   **Chapter 11 Case No. 26-51113-RMM** |
| **CENTER L.L.C.,** | : |
| | : |
| **Debtor.** | : |
| | : |

### DEBTOR'S MOTION FOR AN ORDER LIMITING NOTICE
### AND ESTABLISHING NOTICE PROCEDURES

COMES NOW Middle Georgia Vascular Surgery Center L.L.C. ("**MGVSC**" or "**Debtor**"), Debtor and Debtor-in-Possession in the above-styled case, and files this *Motion for an Order Limiting Notice and Establishing Notice Procedures* (the "**Motion**") pursuant to 11 U.S.C. § 105 and Bankruptcy Rules 2002(m), 9007, and 9013, respectfully showing as follows:

**Jurisdiction And Venue**

1.     The Court has jurisdiction over this case and this matter pursuant to 28 U.S.C. §§ 157 and 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A). Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

2.     The relief requested is based on Section 105(a) of the Bankruptcy Code and Bankruptcy Rules 2002(m), 9007, and 9013.

**Background**

3.     MGVSC filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 1, 2026.

4.     Debtor continues to operate its businesses and manage its property as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

5.     No committee, trustee, or examiner has been appointed in the case.

6.      The mailing matrix for this cases reflect approximately 81 creditors, equity holders, and other interested parties who are generally entitled to notice under Bankruptcy Rule 2002, including employees who are creditors only in so far as Debtor is filing its case before the next payroll (which payroll Debtor will seek approval to make via a wages motion).

**Relief Requested**

7.      Debtor asserts that notice of all matters to all of Debtor's creditors is not necessary because many of the matters for which notice would otherwise be necessary are administrative matters not directly affecting the rights of creditors.

8.      Therefore, Debtor seeks to establish a shortened notice list (the "**Short List**") in this case limiting those parties who receive notice. The Short List would include the following parties: (i) United States Trustee; (ii) Debtor; (iii) Debtor's counsel; (iv) Debtor's pre-petition secured lenders and their respective counsel; (v) the Creditors Committee if one is appointed or, if counsel for the Creditors Committee is subsequently retained, then such counsel in lieu of the Creditors Committee; (vi) if no Creditors Committee is appointed, then the 20 largest unsecured creditors for Debtor, as filed by Debtor in accordance with Bankruptcy Rule 1007(d); (vii) any respondent with respect to a specific motion; (viii) any party requesting notice pursuant to Bankruptcy Rule 2002(i); (ix) any applicable taxing authority or other governmental entity; and (x) Debtor's equity security holder.

9.      Debtor does not seek to limit notice for the following: (i) matters requiring notice under Bankruptcy Rule 2002(a)(1), (2), (4), (5), (6) or (7); (ii) any hearing to consider a disclosure statement under Bankruptcy Rule 2002(b); and (iii) notice of the approval of a disclosure statement and setting a time for filing acceptance or rejections to a plan of reorganization combined with notice of time for filing objections to the plan and the date fixed for the hearing on confirmation

of the plan under Bankruptcy Rule 3017. The Short List will also be used for giving notice of proceedings that may otherwise be required under the Local Rules.

10. Debtor proposes to check the docket of this case monthly and, when necessary, update the Short List and file notice of same with the Court.

**BASIS FOR RELIEF REQUESTED**

11. If notice is limited to the Short List in the manner provided above, then Debtor believes that the administration of this case will be more efficient and cost effective. By limiting notice as set forth in this Motion, Debtor will be relieved of the additional administrative burden of explaining and discussing every pleading or administrative matter with various creditors who are ultimately unaffected by the such pleadings.

12. Further, because all creditors and other parties in interest will have the right to request notice of all proceedings in this case and to be included on the Short List at any time, Debtor believes that the notice procedures requested herein will not prejudice the rights of any creditor or other party in interest. Accordingly, Debtor believes that the relief requested is in the best interest of its estate and creditors.

13. This Court and other Georgia Bankruptcy Courts regularly grant the relief requested in this motion, including last month in the Zoe ABA and Zoe Pedes cases that are pending in this Court, with Judge Matson presiding. *See also*, *e.g.*, *Vankirk Electric, Inc., et al.*, Case No. 25-30511 (Carter, J.); *In re Adventure Parks Group, LLC, et al.*, Case No. 06-70659 (jointly administered) (Bankr. M.D. Ga. Jan. 31, 2007) (Dkt. 432) (Laney, J.); *In re Dan River, Inc.*, Case No. 04-10990 (Bankr. N.D. Ga. Apr. 1, 2004) (Dkt. 42) (Drake, J.); *In re Johnston Indus., Inc.*, Case No. 03-40293 (Bankr. M.D. Ga. Mar. 24, 2003) (Dkt. 89) (Walker, J); *In re Graham Brothers Constr.,* Case No. 10-30534 (Bankr. S.D. Ga. Jan. 14, 2011) (Dkt. 155) (Barrett, J.); *In re Suncrest*

*Stone Products, LLC*, Case No. 18-10850 (Bankr. M.D. Ga. Aug. 10, 2018) (Dkt. 93) (Carter, J.);

*In re YC Atlanta Hotel LLC*, Case No. 21-50964 (Bankr. N.D. Ga. Mar. 29, 2021) (Dkt. 102) (Ellis-Monro, J.); *In re Stalwart Plastics, Inc.*, Case No. 24-40194-JTL (Dkt. 38) (Laney, J.).

14.    Debtor believes that the relief requested in this motion is in the best interest of Debtor's estate and its creditors because it will limit administrative burdens on Debtor, limit confusion among Debtor's numerous creditors and other parties in interest, and will not prejudice the rights of any creditor or party in interest.

## NOTICE

15.    Debtor will serve this Motion as directed in any Order granting an expedited hearing on the Motion.

WHEREFORE, Debtor pray that the Court enter an order granting this Motion in a form substantially similar to that proposed on **Exhibit A** and granting such other further relief as the Court deems just and proper.

Respectfully submitted this 2nd day of July, 2026.

**STONE & BAXTER, LLP**
By:

*/s/ David L. Bury, Jr.*
David L. Bury, Jr.
Georgia Bar No. 133066
E. Tate Crymes
Georgia Bar No. 48618

577 Third Street
Macon, Georgia 31201
478.750.9898
478.750.9899 (fax)

dbury@stoneansbaxter.com
tcrymes@stoneandbaxter.com

Proposed Counsel for Debtor

G:\CLIENTS\Middle Georgia Vascular Surgery Center and Vein Solutions, LLC\Middle Georgia Vascular Surgery Center v. Ch. 11\First Day Motions\Expedited\1. Motion to Limit Notice.docx

## EXHIBIT A

## Proposed Order

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| **MIDDLE GEORGIA VASCULAR SURGERY** | : | **Chapter 11 Case No. 26-51113-RMM** |
| **CENTER L.L.C.,** | : | |
| | : | |
| Debtor. | : | |
| | : | |

**ORDER ON DEBTOR'S MOTION FOR AN ORDER LIMITING NOTICE**
**AND ESTABLISHING NOTICE PROCEDURES**

Debtor having moved for an Order, pursuant to 11 U.S.C. § 105 and Bankruptcy Rules

2002(m), 9007, and 9013, limiting the parties to whom notice of certain matters will be given (Dkt.

__) (the "**Motion**"); the Motion having come on for an expedited hearing on July 9, 2026 (the

"**Hearing**"); the Court having heard from Debtor and other interested parties at the Hearing; and

the Court finding that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334,

(b) this is a core proceeding, (c) notice of the Motion was sufficient and no further notice is

necessary, (d) the relief requested in the Motion is in the best interest of Debtor, its estate, and its

creditors, and (e) good and sufficient cause exist for such relief. Thus,

IT IS HEREBY ORDERED THAT the Motion is GRANTED; and it is

6

FURTHER ORDERED that,

(1) Debtor shall establish a master service list (the "**Short List**") that shall initially include the following parties-in-interest: (a) United States Trustee; (b) Debtor; (c) Debtor's counsel; (d) Debtor's pre-petition secured creditors and their respective counsel, if any; (e) the Creditors Committee if one is appointed or, if counsel for the Creditors Committee is subsequently retained, then such counsel in lieu of the Creditors Committee; (f) if no Creditors Committee is appointed, then the 20 largest unsecured creditors for Debtor, excluding any duplicate creditors, as filed by Debtor in accordance with Bankruptcy Rule 1007(d); (g) any respondent with respect to a specific motion; (h) any party requesting notice pursuant to Bankruptcy Rule 2002(i); (i) any applicable taxing authority or other governmental entity; and (j) Debtor's equity security holder. Except as provided hereafter, notice to these parties will be deemed sufficient under 11 U.S.C. § 102(1).

(2) Debtor shall monitor the docket in the case monthly and, when necessary, shall file an updated Short List with the Court if it requires changes from the prior Short List filed with the Court.

(3) Any person filing a pleading or other paper in Debtor's case shall serve such pleading or paper on (a) all parties-in-interest listed on the most recent Short List and (b) any creditor or other party-in-interest whose interests are likely affected directly by the pleading or proceeding. Such person shall file a certificate of service identifying the parties served. Except as provided in paragraph 4 of this Order with respect to particular papers, no further service shall be required.

(4)  Notwithstanding the foregoing, the following shall be provided to all known creditors and other parties-in-interest, at their last address known to Debtor, unless otherwise ordered by the Court:

a.  notice under Bankruptcy Rule 2002(a)(1) of the first meeting of creditors pursuant to Sections 341 or 1104(b) of the Bankruptcy Code;

b.  notice under Bankruptcy Rule 2002(a)(2) of any proposed use, sale, or lease of property of the estate other than in the ordinary course;

c.  notice under Bankruptcy Rule 2002(a)(4) of any hearing on the dismissal of the Debtor's case or the conversion of Debtor's case to another chapter;

d.  notice under Bankruptcy Rule 2002(a)(5) of the time fixed, if any, to accept or reject a proposed modification of a plan of reorganization;

e.  notice under Bankruptcy Rule 2002(a)(6) of a hearing on any entity's request for compensation or reimbursement of expenses that exceeds $1,000.00;

f.  notice under Bankruptcy Rule 2002(a)(7) of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c);

g.  notice of any time fixed for filing objections to a disclosure statement and notice of any hearing to consider a disclosure statement;

h.  notice of the time fixed for filing objections to a proposed plan of reorganization and of the hearing to consider confirmation of a plan of reorganization under Bankruptcy Rule 3017; and

i.  notice of the transmittal of ballots for accepting or rejecting a plan of reorganization and the time fixed for filing such ballots.

**END OF DOCUMENT**

**This Order Prepared and Presented By:**

*/s/ David L. Bury, Jr.*
David L. Bury, Jr.
Georgia Bar No. 133066
Stone & Baxter, LLP
577 Third Street
Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 fax
dbury@stoneandbaxter.com email
Proposed Counsel for Debtor