**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **MIDDLE GEORGIA VASCULAR SURGERY CENTER L.L.C.,** | : | **Chapter 11 Case No. 26-51113-RMM** |
| | : | |
| | : | |
| **Debtor.** | : | |
| | : | |

**MOTION OF DEBTOR FOR ORDER (I) AUTHORIZING CONTINUED USE OF EXISTING BANK ACCOUNTS, (II) AUTHORIZING CONTINUED USE OF EXISTING BUSINESS FORMS, AND (III) GRANTING AN INTERIM WAIVER OF INVESTMENT AND DEPOSIT REQUIREMENTS**

COMES NOW Middle Georgia Vascular Surgery Center L.L.C. ("**MGVSC**" or "**Debtor**"), Debtor and Debtor-in-possession in the above-captioned Chapter 11 case, and hereby moves this Court for entry of an order, pursuant to Sections 105 and 363 of Title 11 of the United States Code (the "**Bankruptcy Code**"), and Rules 6003 and 6004 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**"), authorizing (i) the continued maintenance and use of Debtor's existing bank accounts, (ii) the continued use of existing business forms and checks; and (iii) a waiver of investment and deposit requirements (the "**Motion**"). In support of the Motion, Debtor, by and through its undersigned counsel, respectfully shows as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b).

2. Venue in this district is proper under 28 U.S.C. §§ 1408 and 1409.

3. The statutory predicates for the relief requested herein are Sections 105(a) and 363 of the Bankruptcy Code and Bankruptcy Rules 6003 and 6004.

## BACKGROUND

4. Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 1, 2026.

5. Debtor continues to operate its business and manage its property as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

6. No committee, trustee, or examiner has been appointed in the case.

7. Debtor is a Georgia limited liability company. It is in the business of providing vascular medical care and related medical services (the "**Business**").

## REQUESTED RELIEF

8. The Office of the United States Trustee (the "**Trustee**") has established certain operating guidelines for debtors-in-possession in order to supervise the administration of Chapter 11 cases. These guidelines require Chapter 11 debtors to, among other things, close all existing bank accounts and open new debtor-in-possession bank accounts, and obtain checks for all debtor-in-possession accounts which bear the designation "debtor-in-possession" and the bankruptcy case number. These requirements are designed to provide a clear line of demarcation between pre-petition and post-petition transactions and operations and prevent the inadvertent post-petition payment of pre-petition claims.

9. By this Motion, Debtor seeks entry of an order pursuant to Sections 105(a) and 363 of the Bankruptcy Code, authorizing (i) the continued maintenance and use of Debtor's existing bank accounts, (ii) the continued use of existing business forms and checks, and (iii) a waiver of investment and deposit requirements. In addition, Debtor seeks a finding from this Court that the relief sought herein satisfies Bankruptcy Rule 6003 (which limits certain so-called "first day" relief to that needed to avoid immediate and irreparable harm) and a waiver of the notice requirements

and the implementation of any stay of the effectiveness of an order on this Motion as may be required by Bankruptcy Rule 6004(a) and Bankruptcy Rule 6004(h) (the "**Order**").

## BASIS FOR RELIEF

### A. Debtor Should Be Authorized to Continue to Use Its Existing Bank Accounts.

10. Trustee has established certain operating guidelines for debtors-in-possession in order to supervise the administration of Chapter 11 cases. These guidelines require a Chapter 11 debtor to, among other things: (i) close all existing bank accounts and open new debtor-in-possession bank accounts; (ii) establish one debtor-in-possession account for all estate monies required for the payment of taxes, including payroll taxes; (iii) maintain a separate debtor-in-possession account for cash collateral; and (iv) obtain checks for all debtor-in-possession accounts which bear the designation "Debtor-In-Possession," the bankruptcy case number and the type of accounts. These requirements are designed to draw a clear line of demarcation between prepetition and post-petition transactions and operations and prevent the inadvertent post-petition payment of prepetition claims. Pursuant to Sections 105(a) and 363 of the Bankruptcy Code, a debtor may seek a waiver of these requirements and authorization to continue using its existing bank accounts.

11. Before the commencement of this Chapter 11 case, MGVSC primarily used three active operating bank accounts (the "**Bank Accounts**") through which Debtor is able to manage cash receipts and disbursements.

12. The Bank Accounts are held at Truist Bank (collectively, the "**Banks**").

13. Debtor seeks a waiver of the United States Trustee's requirement that the Bank Accounts be closed and that new accounts be opened after the Petition Date. If enforced in this Chapter 11 case, such requirements would cause considerable disruption in the business, thereby impairing its efforts to reorganize.

14. The Bank Accounts are a part of a carefully constructed cash management and monitoring system that permits Debtor to fund its ongoing operations in a streamlined and cost-efficient manner. To avoid delays in payments to employees, post-petition suppliers, creditors, taxing authorities, administrative creditors, and to ensure as smooth a transition into Chapter 11 as possible with minimal disruption, it is important that Debtor be permitted to maintain its existing Bank Accounts. This relief is also necessary to aid Debtor in its efforts to successfully and rapidly complete a restructuring of its business.

15. Debtor further requests that the Banks be restrained from honoring any check, draft, wire or electronic funds transfer presented, issued or drawn on the Bank Accounts on account of a prepetition claim unless (i) authorized by an order of this Court, (ii) not otherwise prohibited by a "stop payment" request received by the Banks from Debtor, and (iii) supported by sufficient funds in the Bank Account in question.

16. Debtor further requests that the Banks be authorized and directed to honor all representations from Debtor as to which checks should be honored or dishonored. To the extent that Debtor has directed that any prepetition checks be dishonored, its reserves the right to issue replacement checks to pay the amounts related to such dishonored checks consistent with the orders of this Court.

17. In sum, Debtor's existing bank account system allows for (a) overall corporate control of funds, (b) cash availability when and where needed by Debtor, and (c) reduction of administrative costs through a method of coordinating funds collection and movement. Debtor's smooth transition into, and out of, Chapter 11 depends on its ability to maintain these Bank Accounts and operate without interruption. The continued use of the Bank Accounts will allow

Debtor to easily and efficiently manage its cash flow needs, while also accommodating its customer base.

18. Debtor further represents that each of the Bank Accounts is maintained at a Bank that is listed as a depository approved by the United States Trustee for the Middle District of Georgia and that Debtor will continue to maintain detailed records reflecting all transfers of funds.

**B. Debtor Should be Granted Authority to Continue to Use Existing Business Forms and Checks.**

19. In order to minimize expenses to its estate, Debtor also seeks authorization to continue using all correspondence and business forms (including without limitation, letterhead, purchase orders, invoices, and checks), without reference to Debtor's status as debtor-in-possession. Most parties doing business with Debtor will likely be aware of its status as debtor-in-possession as a result of the notoriety of this Chapter 11 case and any press coverage. Moreover, each of Debtor's vendors will receive direct notice of the commencement of this Chapter 11 case. Additionally, any customers of Debtor that have made deposits will also receive notice of the bankruptcy filing.

20. Changing correspondence and business forms would be expensive, unnecessary, and burdensome to Debtor's estates and disruptive to its business operations and would not confer any benefit upon those dealing with Debtor. For these reasons, Debtor requests that it be authorized to use existing checks, business forms, letterhead, and marketing materials without being required to place the label "Debtor-in-Possession" on each.

21. Relief similar to that requested in this Motion has been granted by courts in other Chapter 11 cases, including in the Zoe ABA and Zoe Pedes cases that are pending in this Court, with Judge Matson presiding. *See also, e.g., Vankirk Electric, Inc., et al.*, Case No. 25-30511 (Carter, J.); *In re TitleMax Holdings, LLC,* Case No. 09-40805 (Bankr. S.D. Ga. Apr. 23, 2009)

(Davis, J.); *In re Adventure Parks Group, Inc.*, Case No. 06-70659 (M.D. Ga Sept. 11, 2006) (Laney, J); *In re Durango Georgia Paper Co.,* Case No. 02-21669 (Bankr. S.D. Ga. Nov. 26, 2002) (Davis, J.); *In re Southwest Georgia Ethanol,* Case No. 11-10145 (Bankr. M.D. Ga. Feb. 1, 2011) (Walker, J.); *In re Thrush Aircraft*, Case No. No. 19-10976 (Bankr. M.D. Ga. Sept. 13, 2019) (Carter, J.).

**C. Debtor Should be Granted a Waiver of the Investment and Deposit Requirements.**

22. Debtor believes that all of the Bank Accounts are in financially stable banking institutions with FDIC insurance (up to applicable limits).

23. Debtor believes that its use of the Bank Accounts substantially conforms to the approved investment and deposit practices identified in Section 345 of the Bankruptcy Code, and that all money deposits are safe and prudent and yield, under the circumstances, the maximum reasonable net return on such money. Nonetheless, out of an abundance of caution, to the extent that such deposits do not conform with the approved practices identified in Section 345 of the Bankruptcy Code, Debtor seeks to have such requirements waived.

24. Debtor believe that sufficient cause exists pursuant to Section 345(b) of the Bankruptcy Code to allow it to deviate from the approved investment practices established by the Bankruptcy Code. The Bank Accounts are integral to Debtor's continued operation.

25. Accordingly, Debtor respectfully requests authority (a) to continue depositing funds in a safe and prudent manner, in accordance with Debtor's prepetition practices notwithstanding that such practices may not strictly comply in all respects with the approved investment practices set forth in Section 345 of the Bankruptcy Code, and (b) for the applicable institutions to accept and hold or invest such funds in accordance with Debtor's prepetition practices.

26. For deposits or investments that are not "insured or guaranteed by the United States or by a department, agency, or instrumentality of the United States or backed by the full faith and credit of the United States" (11 U.S.C. § 345(b)), Section 345(b) of the Bankruptcy Code provides that the estate must require from the entity with which the money is deposited or invested a bond in favor of the United States secured by the undertaking of an adequate corporate surety, "unless the court for cause orders otherwise." *Id.*

27. A court may relieve a debtor-in-possession of the restrictions of Section 345(b) of the Bankruptcy Code on a final basis for "cause." Debtor believes that "cause" exists to waive the investment and deposit restrictions pursuant to Section 345(b) of the Bankruptcy Code. Courts have considered a number of factors in seeking to determine whether "cause" exists pursuant to Section 345(b) of the Bankruptcy Code. *See In re Serv. Merch. Co.,* 240 B.R. 894, 896 (Bankr. M.D. Tenn. 1999) (identifying various factors relevant to the existence of "cause", including the sophistication and size of the debtor's business, the amounts of the investments involved, bank ratings, the complexity of the case, the debtor's safeguards for the funds, the debtor's ability to reorganize in the face of failure of one or more of the financial institutions, the benefit to the debtor of a waiver of the Section 345(b) requirements, the potential harm to the estate, and the reasonableness of such a waiver under the circumstances). Congress has emphasized that Section 345's investment and deposit requirements may be "wise in the case of a smaller debtor with limited funds that cannot afford a risky investment to be lost, [but such requirements] can work to needlessly handcuff [a] larger, more sophisticated Debtor." *Id.* (citing R.R. Rep, 103-834, 103d Cong., 2d Sess. 224 (Oct. 4, 1994); 140 Cong. Rec. H10767 (Oct. 4, 1994)). Thus, Congress added the waiver clause in section 345(b) "to allow the courts to approve investments other than those

permitted by section 345(b) for just cause, thereby overruling *In re Columbia Gas Sys., Inc.,* 33 F.3d 294, 1994 WL 463514 (3d Cir. Del.).” *Id.*

28. Debtor believes that “cause” exists to waive the investment and deposit restrictions pursuant to Section 345(b) of the Bankruptcy Code to the extent that Debtor’s deposits into the Bank Accounts do not comply. Debtor typically maintains significant cash on hand, as the Debtor requires significant cash on hand to meet its daily operating expenses. It would not be practical for Debtor’s accounting team to manage the Bank Accounts on a daily basis to ensure such accounts are maintained at a level below the current FDIC insurance limits. Given the history, size, and reputation of Banks, the investment and deposit restrictions of Section 345(b) of the Bankruptcy Code can be waived with respect to these accounts because the risk of loss of funds in excess of applicable FDIC limits is minimal.

29. Furthermore, to the extent that any Bank Account is construed to have a balance substantial enough to fall within the ambit of the protections provided by Section 345 of the Bankruptcy Code, Debtor believes that the safety presented by the financially stable banking institutions with whom Debtor banks constitutes sufficient cause pursuant to Section 345(b) of the Bankruptcy Code to allow Debtor to deviate from approved investment and deposit practices established by the Bankruptcy Code.

30. Debtor submits that, given the totality of the circumstances, its request is reasonable, and cause exists for the Court to waive the requirements of Section 345(b).

**D. Waiver of Bankruptcy Rules 6003 and 6004.**

31. Bankruptcy Rule 6003 provides that, “except to the extent that relief is necessary to avoid immediate and irreparable harm, the court shall not, within 21 days after the filing of the petition, grant relief regarding . . . a motion to use, sell, lease, or otherwise incur an obligation

regarding property of the estate . . ." Fed. R. Bankr. P. 6003(b). Debtor submits that, because the relief requested in this Motion is necessary to avoid immediate and irreparable harm to Debtor for the reasons set forth herein, Bankruptcy Rule 6003 has been satisfied.

32. Furthermore, Debtor requests the Court to enter an interim order approving the Motion subject to any written objection for a period of 21 days from the service of the Motion. Debtor submits that entry of an order granting the relief sought herein does not create harm to Debtor's creditors or other parties-in-interest. To the extent any objection is timely filed and served, then Debtor requests that the Court convene a hearing to consider such objection, but the Court's Order shall remain in full force and effect and binding in all respect unless and until there is any further ruling from this Court. Debtor requests that if no objection is timely filed and served, the Court's interim order be deemed a final order without need for any further action of this Court.

33. Additionally, to implement the foregoing successfully, Debtor respectfully requests a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the 14 day stay of an order authorizing the use, sale, or lease of property under Bankruptcy Rule 6004(h). As set forth above (and in Debtor's other First Day Motions) continued use of the Bank Accounts on an immediate basis is essential to prevent potentially irreparable damage to Debtor, its business operations, and the estate. Accordingly, Debtor submits that cause exists to justify a waiver of the 14-day stay imposed by Bankruptcy Rule 6004(h), to the extent such stay applies.

34. Debtor will serve this Motion has directed by the Court.

## CONCLUSION

WHEREFORE, Debtor respectfully request that the Court enter an Order, substantially in the form of the order attached hereto as **Exhibit A**, granting the relief requested in the Motion and such other and further relief as may be just and proper.

Respectfully submitted this 2nd day of July, 2026.

**STONE & BAXTER, LLP**
By:

*/s/ David L. Bury, Jr.*

David L. Bury, Jr.
Georgia Bar No. 133066
E. Tate Crymes
Georgia Bar No. 48618
dbury@stoneansbaxter.com
tcrymes@stoneandbaxter.com

577 Third Street
Macon, Georgia 31201
478.750.9898
478.750.9899 (fax)

Proposed Counsel for Debtor

**EXHIBIT A**

**PROPOSED ORDER**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **MIDDLE GEORGIA VASCULAR SURGERY CENTER L.L.C.,** | : | **Chapter 11 Case No. 26-51113-RMM** |
| | : | |
| | : | |
| **Debtor.** | : | |
| | : | |

**ORDER GRANTING MOTION FOR ORDER (I) AUTHORIZING CONTINUED USE OF EXISTING BANK ACCOUNTS, (II) AUTHORIZING CONTINUED USE OF EXISTING BUSINESS FORMS, AND (III) GRANTING AN INTERIM WAIVER OF INVESTMENT AND DEPOSIT REQUIREMENTS**

Middle Georgia Vascular Surgery Center L.L.C. ("**Debtor**") having filed a motion for an order authorizing (i) the continued maintenance and use of Debtor's existing bank accounts, (ii) the continued use of existing business forms and checks; and (iii) a waiver of investment and deposit requirements (the "**Motion**").

The Court has jurisdiction to consider the Motion and the relief requested in the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case in this district is proper pursuant to 28

U.S.C. §§ 1408 and 1409. The Motion and the relief requested in the Motion constitute a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A).

Debtor sought an expedited hearing on the Motion through Debtor's Motion for Expedited Hearing on Debtor's First Day Motions (Dkt. ___). In light of the relief requested, this Court granted the request for an expedited hearing in its Order and Notice Granting Debtor's Motion for Expedited Hearing on First Day Motions (Dkt. ____).

The Court has considered the Motion and the statements and arguments made at the hearing on the Motion. This Court has determined that the relief requested in the Motion is in the best interests of Debtor, its estate, its creditors, and other parties in interest. Debtor gave due and proper notice of the Motion, and the Court has determined that no additional or further notice of the Motion is necessary. The Court has determined that the legal and factual basis set forth in the Motion establish just cause for the relief granted in this Order. In addition, this Court finds good cause in the form of avoiding immediate and irreparable harm to Debtor and its ability to operate, to waive the limitations of Bankruptcy Rule 6003, such that immediate relief may be granted with respect to the Motion. After the deliberation and sufficient cause appearing therefor,

**IT IS ORDERED THAT:**

1. The Motion is **GRANTED**.

2. Debtor is authorized to maintain its Accounts as referenced and described in the Motion and continue to use the same in the ordinary course of business.

3. Debtor is authorized to continue to use its business forms and checks without reference to Debtor's debtor-in-possession status.

4. Debtor is granted a waiver of the investment and deposit requirements under Section 345 of the Bankruptcy Code.

5. Nothing in this Order shall be deemed to provide the authority for any outstanding checks that have not been presented as of the Petition Date to be honored. Any checks that are dated prior to the Petition Date which are presented after the Petition Date shall be dishonored, except to the extent another order of this Court authorizes the payment of such prepetition claim.

6. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

7. Notwithstanding the possible applicability of Bankruptcy Rules 6004(a) and 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and the requirements of Bankruptcy Rules 6004(a) and 6004(h) are hereby waived.

8. Any party in interest in these Chapter 11 cases shall have 21 days from the date of services hereof to file a written objection to the Motion or to this Order. Any such objection must be served upon (a) Debtor's counsel Stone & Baxter, LLP, 577 Third Street, Macon, Georgia 31201, Attention: David L. Bury, Jr., and (b) the Office of the United States Trustee, 440 Martin Luther King Jr. Boulevard, Suite 302, Macon, Georgia 31201-7910. If any objection is timely filed and served, then the Court will convene a hearing to consider such objection, but this Order shall maintain in full force and effect and binding in all respects unless and until there is any further ruling from this Court. If no objection is timely filed and served, then this Order will be deemed a final order without need for any further action of this Court.

9. This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the implementation of this Order.

10. Debtor is directed, within three (3) business days of the entry of this Order, to serve a copy of this Order upon all parties which were served with the Motion, along with any parties that have filed notice of appearance in the case.

**END OF DOCUMENT**

This Order Prepared and Submitted by:

*/s/ David L. Bury, Jr.*
David L. Bury, Jr.
Georgia Bar No. 133066
Stone & Baxter, LLP
577 Third Street
Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 (fax)
dtaylor@stoneandbaxter.com
Proposed Counsel for Debtor