**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **MIDDLE GEORGIA VASCULAR SURGERY CENTER L.L.C.,** | : | **Chapter 11 Case No. 26-51113-RMM** |
| | : | |
| **Debtor.** | : | |

**MOTION FOR EXPEDITED HEARING ON DEBTOR'S FIRST DAY MOTIONS**

COMES NOW Middle Georgia Vascular Surgery Center L.L.C. ("**Debtor**") and files this *Motion for Expedited Hearing on Debtor's First Day Motions*, respectfully showing as follows:

1. Debtor filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 1, 2026.

2. Debtor continues to operate its business and manage its property as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. No committee, trustee, or examiner has been appointed in the case.

4. Contemporaneously herewith, Debtor filed the following first day motions for which expedited relief is necessary:

(i) *Debtor's Motion for an Order Limiting Notice and Establishing Notice Procedures* (Dkt. 2);

(ii) *Motion for Interim and Final Orders (A) Authorizing the Use of Cash Collateral Pursuant to Section 363(c) of the Bankruptcy Code; (B) Requesting an Expedited Interim Hearing Thereon; and (C) Scheduling a Final Hearing on the Valuation and Use of Cash Collateral* (Dkt. 3);

(iii) *Motion of Debtor for Order (I) Authorizing Continued Use of Existing Bank Accounts, (II) Authorizing Continued Use of Existing Business Forms, and (III) Granting an Interim Waiver of Investment and Deposit Requirements* (Dkt. 4);

(iv) *Motion for Order Authorizing Payment of Wages, Salaries, and Other Employee Benefits and Payment of Related Taxes and Withholdings* (Dkt. 5); and

(v) *Debtor's Motion for Entry of an order (A) Authorizing Debtor to Pay Certain Pre-Petition Claims of Critical Vendors and (B) Authorizing Financial Institutions to Honor All Related Checks and Electronic Payment Requests* (Dkt. 6)

(collectively, the "**First Day Motions**").

5. Debtor requests an expedited hearing on the First Day Motions. It shows that immediate and irreparable harm and economic and financial hardship and/or burdensome and costly case administration will occur unless it is immediately granted the relief requested.

6. On **Exhibit A**, Debtor's proposed undersigned counsel submits his *Certification Regarding Request for Expedited Hearing*.

7. Debtor will submit a proposed Order Authorizing Expedited Hearing with this Motion and, if the Motion is granted, serve such Order and the First Day Motions as directed.

Respectfully submitted this 2nd day of July, 2026.

**STONE & BAXTER, LLP**
By:

*/s/ David L. Bury, Jr.*
David L. Bury, Jr.
Georgia Bar No. 133066
E. Tate Crymes
Georgia Bar No. 48618
dbury@stoneansbaxter.com
tcrymes@stoneandbaxter.com

Proposed Counsel for Debtor

577 Third Street
Macon, Georgia 31201
478.750.9898
478.750.9899 (fax)

**EXHIBIT A**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **MIDDLE GEORGIA VASCULAR SURGERY CENTER L.L.C.,** | : | **Chapter 11 Case No. 26-51113-RMM** |
| | : | |
| | : | |
| **Debtor.** | : | |
| | : | |

**CERTIFICATION REGARDING REQUEST FOR EXPEDITED HEARING**

1. I hereby certify, as a member of the Bar of this Court, that I have carefully examined this matter and that there is a true necessity for an expedited hearing.

2. I certify further that the necessity for this expedited hearing has not been caused by any lack of due diligence on my part but has been brought about only by the circumstances of this case.

3. I further certify that I have made a bona fide effort to resolve this matter without a hearing.

Respectfully submitted this 2nd day of July, 2026.

<u>*/s/ David L. Bury, Jr.*</u>
David L. Bury, Jr.
Georgia Bar No. 133066
Proposed Counsel for Debtor