**SO ORDERED.**

**SIGNED this 9 day of July, 2026.**



_Robert M. Matson_

**Robert M. Matson**
**United States Bankruptcy Judge**


### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE MIDDLE DISTRICT OF GEORGIA
### MACON DIVISION

|  |  |
|---|---|
| **IN RE:** | : |
|  | : |
| **MIDDLE GEORGIA VASCULAR** | : **Chapter 11 Case No. 26-51113-RMM** |
| **SURGERY CENTER L.L.C.,** | : |
|  | : |
| **Debtor.** | : |
|  | : **Contested Matter** |
|  | : |
| **MIDDLE GEORGIA VASCULAR** | : |
| **SURGERY CENTER L.L.C.,** | : |
|  | : |
| **Movant,** | : |
|  | : |
| **vs.** | : |
|  | : |
| **TRUIST BANK,** | : |
|  | : |
| **Respondent.** | : |
|  | : |

### INTERIM ORDER (A) AUTHORIZING THE USE OF CASH COLLATERAL PURSUANT TO SECTION 363(c) OF THE BANKRUPTCY CODE AND (B) SCHEDULING A FINAL HEARING ON VALUATION AND USE OF CASH COLLATERAL

Upon the motion of Debtor dated July 1, 2026 (i) seeking authority for Debtor's use of "cash collateral" (as defined in section 363(a) of the Bankruptcy Code); (ii) seeking to provide adequate protection to the named Respondent in the Motion; and (iii) requesting interim relief pending a final hearing (the "**Final Hearing**") concerning the relief requested in the Motion; it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Motion having come on for preliminary hearing pursuant to 11 U.S.C. § 363(c)(2)(3)  (the "**Preliminary Hearing**") on July 9, 2026; and, on the record of the Preliminary Hearing, the Court finds and determines that: (i) the form of the Motion complies with F.R.B.P. 4001(b)(1); (ii) due and adequate notice of the Motion and Hearing has been given under the circumstances; and (iii) except as provided otherwise below, Debtor's  use of cash collateral and otherwise for necessary estate preservation expenses under 11 U.S.C. § 506(c) is necessary to avoid immediate and irreparable harm to the estate pending the Final Hearing; it is accordingly, ORDERED AS FOLLOWS:

1.     <u>Interim Relief Granted</u>. The Motion is granted on an interim basis pending the Final Hearing and the use of Cash Collateral for necessary estate preservation expenses under 11 U.S.C. § 506(c) is hereby authorized until further order of this Court, subject to the terms and conditions set forth in this Interim Order.

2.     <u>Authorization to Use Cash Collateral</u>. Debtor is authorized to use Cash Collateral for necessary estate preservation expenses under 11 U.S.C. § 506(c).

3.     <u>Adequate Protection</u>. Except as noted, Debtor shall provide the following adequate protection pending the Final Hearing:

a.      <u>Continuation of Pre-Petition Security Agreements</u>. All pre-petition liens, if any, of Respondent and any other parties with an interest in Cash Collateral shall, subject to any limitations in or interventions of the Bankruptcy Code, continue through and including the Final Hearing.

b.      <u>Continued Operation and Maintenance of Debtor's Business</u>. Debtor shall continue to operate and maintain its business and properties in accordance with this Interim Order.

c.      <u>Payment of Post-Petition Property Taxes</u>. Debtor shall pay when due post-petition property taxes with respect to the properties held by Respondent.

d.      <u>Payment of Property Insurance</u>. Debtor shall maintain property insurance on the properties collateralizing Respondent's secured claim.

4.      <u>Objections Carried to Final Hearing</u>. All objections to the Motion, if any, are carried to the Final Hearing for determination.

5.      <u>Final Hearing</u>.  A Final Hearing on the Motion to Use Cash Collateral **shall be held on the 12th day of August, 2026, commencing at 10:30 a.m. at the United States Bankruptcy Court, 433 Cherry Street, Courtroom A, Macon, Georgia 31201**. Such Final Hearing shall continue day to day and from time to time until completed.

6.      <u>Service by the Debtor</u>. Within three (3) business days after the entry of this Interim Order, the Debtor shall serve a copy of this Interim Order on all parties specified by F.R.B.P. 4001(b)(1)(C) and any party requesting notice in this case.

**END OF DOCUMENT**

**Prepared and presented by:**

*/s/ David L. Bury, Jr.*
David L. Bury, Jr.
Georgia Bar No. 133066
Stone & Baxter, LLP
577 Third Street

Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 (fax)
dbury@stoneandbaxter.com
Proposed Counsel for the Debtor