**SO ORDERED.**

**SIGNED this 9 day of July, 2026.**

**Robert M. Matson**
**United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **MIDDLE GEORGIA VASCULAR SURGERY CENTER L.L.C.,** | : | **Chapter 11 Case No. 26-51113-RMM** |
| | : | |
| | : | |
| **Debtor.** | : | |
| | : | |

## ORDER GRANTING MOTION FOR ORDER (I) AUTHORIZING CONTINUED USE OF EXISTING BANK ACCOUNTS, (II) AUTHORIZING CONTINUED USE OF EXISTING BUSINESS FORMS, AND (III) GRANTING AN INTERIM WAIVER OF INVESTMENT AND DEPOSIT REQUIREMENTS

Middle Georgia Vascular Surgery Center L.L.C. ("**Debtor**") having filed a motion for an order authorizing (i) the continued maintenance and use of Debtor's existing bank accounts, (ii) the continued use of existing business forms and checks; and (iii) a waiver of investment and deposit requirements (the "**Motion**").

The Court has jurisdiction to consider the Motion and the relief requested in the Motion pursuant to 28 U.S.C. §§ 157 and 1334. Venue of this case in this district is proper pursuant to 28

U.S.C. §§ 1408 and 1409. The Motion and the relief requested in the Motion constitute a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A).

Debtor sought an expedited hearing on the Motion through Debtor's Motion for Expedited Hearing on Debtor's First Day Motions (Dkt. 7). In light of the relief requested, this Court granted the request for an expedited hearing in its Order and Notice Granting Debtor's Motion for Expedited Hearing on First Day Motions (Dkt. 9).

The Court has considered the Motion and the statements and arguments made at the hearing on the Motion. This Court has determined that the relief requested in the Motion is in the best interests of Debtor, its estate, its creditors, and other parties in interest. Debtor gave due and proper notice of the Motion, and the Court has determined that no additional or further notice of the Motion is necessary. The Court has determined that the legal and factual basis set forth in the Motion establish just cause for the relief granted in this Order. In addition, this Court finds good cause in the form of avoiding immediate and irreparable harm to Debtor and its ability to operate, to waive the limitations of Bankruptcy Rule 6003, such that immediate relief may be granted with respect to the Motion. After the deliberation and sufficient cause appearing therefor,

**IT IS ORDERED THAT:**

1. The Motion is **GRANTED**.

2. Debtor is authorized to maintain its Accounts as referenced and described in the Motion and continue to use the same in the ordinary course of business.

3. Debtor is authorized to continue to use its business forms and checks without reference to Debtor's debtor-in-possession status.

4. Debtor is granted a waiver of the investment and deposit requirements under Section 345 of the Bankruptcy Code.

5. Debtor shall not maintain deposits in any one account that is in excess of the amounts which are insured by the Federal Deposit Insurance Corporation; should the Debtor determine that future deposits will exceed said insured amount, the Debtor shall make arrangements to open such additional bank accounts as is necessary and appropriate.

6. Nothing in this Order shall be deemed to provide the authority for any outstanding checks that have not been presented as of the Petition Date to be honored. Any checks that are dated prior to the Petition Date which are presented after the Petition Date shall be dishonored, except to the extent another order of this Court authorizes the payment of such prepetition claim.

7. The requirements set forth in Bankruptcy Rule 6003(b) are satisfied.

8. Notwithstanding the possible applicability of Bankruptcy Rules 6004(a) and 6004(h) or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry and the requirements of Bankruptcy Rules 6004(a) and 6004(h) are hereby waived.

9. Any party in interest in these Chapter 11 cases shall have 21 days from the date of services hereof to file a written objection to the Motion or to this Order. Any such objection must be served upon (a) Debtor's counsel Stone & Baxter, LLP, 577 Third Street, Macon, Georgia 31201, Attention: David L. Bury, Jr., and (b) the Office of the United States Trustee, 440 Martin Luther King Jr. Boulevard, Suite 302, Macon, Georgia 31201-7910. If any objection is timely filed and served, then the Court will convene a hearing to consider such objection, but this Order shall maintain in full force and effect and binding in all respects unless and until there is any further ruling from this Court. If no objection is timely filed and served, then this Order will be deemed a final order without need for any further action of this Court.

10. This Court shall retain jurisdiction with respect to any matters, claims, rights, or disputes arising from or related to the implementation of this Order.

11. Debtor is directed, within three (3) business days of the entry of this Order, to serve a copy of this Order upon all parties which were served with the Motion, along with any parties that have filed notice of appearance in the case.

**END OF DOCUMENT**

This Order Prepared and Submitted by:

*/s/ David L. Bury, Jr.*
David L. Bury, Jr.
Georgia Bar No. 133066
Stone & Baxter, LLP
577 Third Street
Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 (fax)
dbury@stoneandbaxter.com
Proposed Counsel for Debtor