**SO ORDERED.**

**SIGNED this 9 day of July, 2026.**

**Robert M. Matson**
**United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **MIDDLE GEORGIA VASCULAR SURGERY CENTER L.L.C.,** | : | **Chapter 11 Case No. 26-51113-RMM** |
| | : | |
| | : | |
| **Debtor.** | : | |
| | : | |

**ORDER ON MOTION FOR ORDER AUTHORIZING PAYMENT OF WAGES, SALARIES AND OTHER EMPLOYEE BENEFITS AND PAYMENT OF RELATED TAXES AND WITHHOLDINGS**

Debtor having filed its Motion pursuant to Sections 105(a) and 363(b) for entry of an Order granting authority to pay employee wages, compensation, and other benefits (Dkt. 5) (the "**Motion**") on July 1, 2026; the Court having considered the Motion at the expedited hearing held on July 9, 2026; the Court having determined that the relief requested in the Motion is in the best interests of Debtor, its creditors and other parties-in-interest; the Court having further determined that notice of the Motion was sufficient and no further notice is necessary and good and sufficient causes exists for the relief sought in the Motion, it is hereby

**ORDERED AND ADJUDGED THAT**:

1. The Motion is **GRANTED**.

2. Debtor is authorized to honor any pre-petition payroll checks which have not cleared its accounts, if any, prior to the filing of the voluntary petition herein.

3. Debtor is authorized to pay in the ordinary course of business all wages which accrued pre-petition which remain unpaid, if any, since Debtor's last payroll.

4. Debtor is authorized to pay any taxes or withholdings due in connection with all payroll paid pre-petition.

5. Debtor is authorized to pay or honor all employee benefits, expense reimbursement claims and commissions which accrued pre-petition.

6. Debtor is authorized to honor any employee benefits which have accrued since the last payroll payment.

7. Debtor is authorized to pay in the ordinary course of business all wages, compensation, employee benefits, and employee rated taxes and withholdings that accrue post-petition.

8. Debtor is authorized to continue any other practice, programs, and policies with respect to its employees as such practices, programs, and policies were in effect as of the Petition Date.

9. Notwithstanding anything to contrary in this Order, the authority of the Debtor to make payments under this Order is subject to the terms and conditions of any interim and final order of this Court approving use of cash collateral.

**END OF DOCUMENT**

**Order Prepared and Submitted By:**

*/s/ David L. Bury, Jr.*
David L. Bury, Jr.
Georgia Bar No. 133066
Stone & Baxter, LLP

577 Third Street
Macon, Georgia 31201
478.750.9898
478.750.9899 (fax)
dbury@stoneandbaxter.com
Proposed Counsel for Debtor

G:\CLIENTS\Middle Georgia Vascular Surgery Center and Vein Solutions, LLC\MGVSC v. Ch. 11\First Day Motions\Expedited\Orders\Order on Employee Motion.docx