**SO ORDERED.**

**SIGNED this 9 day of July, 2026.**

**Robert M. Matson**
**United States Bankruptcy Judge**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | |
|---|---|
| **IN RE:** | |
| **MIDDLE GEORGIA VASCULAR SURGERY CENTER L.L.C.,** | **Chapter 11 Case No. 26-51113-RMM** |
| **Debtor.** | |
| | **Contested Matter** |
| **MIDDLE GEORGIA VASCULAR SURGERY CENTER L.L.C.,** | |
| **Movant,** | |
| **vs.** | |
| **TRUIST BANK,** | |
| **Respondent.** | |

**INTERIM ORDER (A) AUTHORIZING THE USE OF CASH COLLATERAL PURSUANT TO SECTION 363(c) OF THE BANKRUPTCY CODE AND (B) SCHEDULING A FINAL HEARING ON VALUATION AND USE OF CASH COLLATERAL**

Upon the motion of Debtor dated July 1, 2026 (i) seeking authority for Debtor's use of "cash collateral" (as defined in section 363(a) of the Bankruptcy Code); (ii) seeking to provide adequate protection to the named Respondent in the Motion; and (iii) requesting interim relief pending a final hearing (the "**Final Hearing**") concerning the relief requested in the Motion; it appearing that this Court has jurisdiction to consider the Motion in accordance with 28 U.S.C. §§ 157 and 1334; that the Motion is a core proceeding pursuant to 28 U.S.C. § 157(b); that venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; the Motion having come on for preliminary hearing pursuant to 11 U.S.C. § 363(c)(2)(3) (the "**Preliminary Hearing**") on July 9, 2026; and, on the record of the Preliminary Hearing, the Court finds and determines that: (i) the form of the Motion complies with F.R.B.P. 4001(b)(1); (ii) due and adequate notice of the Motion and Hearing has been given under the circumstances; and (iii) except as provided otherwise below, Debtor's use of cash collateral and otherwise for necessary estate preservation expenses under 11 U.S.C. § 506(c) is necessary to avoid immediate and irreparable harm to the estate pending the Final Hearing; it is accordingly, ORDERED AS FOLLOWS:

1. Interim Relief Granted. The Motion is granted on an interim basis pending the Final Hearing and the use of Cash Collateral for necessary estate preservation expenses under 11 U.S.C. § 506(c) is hereby authorized until further order of this Court, subject to the terms and conditions set forth in this Interim Order.

2. Authorization to Use Cash Collateral. Debtor is authorized to use Cash Collateral for necessary estate preservation expenses under 11 U.S.C. § 506(c).

3. Adequate Protection. Except as noted, Debtor shall provide the following adequate protection pending the Final Hearing:

a. Continuation of Pre-Petition Security Agreements. All pre-petition liens, if any, of Respondent and any other parties with an interest in Cash Collateral shall, subject to any limitations in or interventions of the Bankruptcy Code, continue through and including the Final Hearing.

b. Continued Operation and Maintenance of Debtor's Business. Debtor shall continue to operate and maintain its business and properties in accordance with this Interim Order.

c. Payment of Post-Petition Property Taxes. Debtor shall pay when due post-petition property taxes with respect to the properties held by Respondent.

d. Payment of Property Insurance. Debtor shall maintain property insurance on the properties collateralizing Respondent's secured claim.

4. Objections Carried to Final Hearing. All objections to the Motion, if any, are carried to the Final Hearing for determination.

5. Final Hearing. A Final Hearing on the Motion to Use Cash Collateral **shall be held on the 12th day of August, 2026, commencing at 10:30 a.m. at the United States Bankruptcy Court, 433 Cherry Street, Courtroom A, Macon, Georgia 31201**. Such Final Hearing shall continue day to day and from time to time until completed.

6. Service by the Debtor. Within three (3) business days after the entry of this Interim Order, the Debtor shall serve a copy of this Interim Order on all parties specified by F.R.B.P. 4001(b)(1)(C) and any party requesting notice in this case.

**END OF DOCUMENT**

**Prepared and presented by:**

*/s/ David L. Bury, Jr.*
David L. Bury, Jr.
Georgia Bar No. 133066
Stone & Baxter, LLP
577 Third Street

Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 (fax)
dbury@stoneandbaxter.com
Proposed Counsel for the Debtor

United States Bankruptcy Court
Middle District of Georgia

In re: Case No. 26-51113-RMM
Middle Georgia Vascular Surgery Center L Chapter 11
Debtor

# CERTIFICATE OF NOTICE

District/off: 113G-5 User: auto Page 1 of 2
Date Rcvd: Jul 09, 2026 Form ID: pdfntc Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 11, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Middle Georgia Vascular Surgery Center L.L.C., 1025 N. Houston Road, Warner Robins, GA 31093-1505 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 11, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 9, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| David A. Garland | on behalf of Creditor Ameris Bank through its division Balboa Capital Corporation dgarland@mcdr-law.com, tlansman@mcdr-law.com |
| David L. Bury, Jr. | on behalf of Debtor Middle Georgia Vascular Surgery Center L.L.C. dbury@stoneandbaxter.com lchapman@stoneandbaxter.com;wporter@stoneandbaxter.com;tnorton@stoneandbaxter.com |
| Robert G. Fenimore | on behalf of U.S. Trustee U.S. Trustee - MAC robert.g.fenimore@usdoj.gov Ustp.region21.mc.ecf@usdoj.gov |
| Stephan Alan Ray | on behalf of Creditor Ameris Bank through its division Balboa Capital Corporation sray@mcdr-law.com, tlansman@mcdr-law.com |
| U.S. Trustee - MAC | Ustp.region21.mc.ecf@usdoj.gov |

TOTAL: 5