**SO ORDERED.**

**SIGNED this 9 day of July, 2026.**

**Robert M. Matson**
**United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **MIDDLE GEORGIA VASCULAR SURGERY CENTER L.L.C.,** | : | **Chapter 11 Case No. 26-51113-RMM** |
| | : | |
| **Debtor.** | : | |
| | : | |

**ORDER ON DEBTOR'S MOTION FOR AN ORDER LIMITING NOTICE AND ESTABLISHING NOTICE PROCEDURES**

Debtor having moved for an Order, pursuant to 11 U.S.C. § 105 and Bankruptcy Rules 2002(m), 9007, and 9013, limiting the parties to whom notice of certain matters will be given (Dkt. 2) (the "**Motion**"); the Motion having come on for an expedited hearing on July 9, 2026 (the "**Hearing**"); the Court having heard from Debtor and other interested parties at the Hearing; and the Court finding that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding, (c) notice of the Motion was sufficient and no further notice is necessary, (d) the relief requested in the Motion is in the best interest of Debtor, its estate, and its creditors, and (e) good and sufficient cause exist for such relief. Thus,

IT IS HEREBY ORDERED THAT the Motion is GRANTED; and it is

FURTHER ORDERED that,

(1) Debtor shall establish a master service list (the "**Short List**") that shall initially include the following parties-in-interest: (a) United States Trustee; (b) Debtor; (c) Debtor's counsel; (d) Debtor's pre-petition secured creditors and their respective counsel, if any; (e) the Creditors Committee if one is appointed or, if counsel for the Creditors Committee is subsequently retained, then such counsel in lieu of the Creditors Committee; (f) if no Creditors Committee is appointed, then the 20 largest unsecured creditors for Debtor, excluding any duplicate creditors, as filed by Debtor in accordance with Bankruptcy Rule 1007(d); (g) any respondent with respect to a specific motion; (h) any party requesting notice pursuant to Bankruptcy Rule 2002(i); (i) any applicable taxing authority or other governmental entity; and (j) Debtor's equity security holder. Except as provided hereafter, notice to these parties will be deemed sufficient under 11 U.S.C. § 102(1).

(2) Debtor shall monitor the docket in the case monthly and, when necessary, shall file an updated Short List with the Court if it requires changes from the prior Short List filed with the Court.

(3) Any person filing a pleading or other paper in Debtor's case shall serve such pleading or paper on (a) all parties-in-interest listed on the most recent Short List and (b) any creditor or other party-in-interest whose interests are likely affected directly by the pleading or proceeding. Such person shall file a certificate of service identifying the parties served. Except as provided in paragraph 4 of this Order with respect to particular papers, no further service shall be required.

(4) Notwithstanding the foregoing, the following shall be provided to all known creditors and other parties-in-interest, at their last address known to Debtor, unless otherwise ordered by the Court:

a. notice under Bankruptcy Rule 2002(a)(1) of the first meeting of creditors pursuant to Sections 341 or 1104(b) of the Bankruptcy Code;

b. notice under Bankruptcy Rule 2002(a)(2) of any proposed use, sale, or lease of property of the estate other than in the ordinary course;

c. notice under Bankruptcy Rule 2002(a)(4) of any hearing on the dismissal of the Debtor's case or the conversion of Debtor's case to another chapter;

d. notice under Bankruptcy Rule 2002(a)(5) of the time fixed, if any, to accept or reject a proposed modification of a plan of reorganization;

e. notice under Bankruptcy Rule 2002(a)(6) of a hearing on any entity's request for compensation or reimbursement of expenses that exceeds $1,000.00;

f. notice under Bankruptcy Rule 2002(a)(7) of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c);

g. notice of any time fixed for filing objections to a disclosure statement and notice of any hearing to consider a disclosure statement;

h. notice of the time fixed for filing objections to a proposed plan of reorganization and of the hearing to consider confirmation of a plan of reorganization under Bankruptcy Rule 3017; and

i. notice of the transmittal of ballots for accepting or rejecting a plan of reorganization and the time fixed for filing such ballots.

**END OF DOCUMENT**

**This Order Prepared and Presented By:**

*<u>/s/ David L. Bury, Jr.</u>*
David L. Bury, Jr.
Georgia Bar No. 133066
Stone & Baxter, LLP

577 Third Street
Macon, Georgia 31201
(478) 750-9898; (478) 750-9899 fax
dbury@stoneandbaxter.com email
Proposed Counsel for Debtor

United States Bankruptcy Court
Middle District of Georgia

In re:
Middle Georgia Vascular Surgery Center L
Debtor

Case No. 26-51113-RMM
Chapter 11

# CERTIFICATE OF NOTICE

District/off: 113G-5 User: auto Page 1 of 2
Date Rcvd: Jul 09, 2026 Form ID: pdfntc Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 11, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Middle Georgia Vascular Surgery Center L.L.C., 1025 N. Houston Road, Warner Robins, GA 31093-1505 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 11, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 9, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| David A. Garland | on behalf of Creditor Ameris Bank through its division Balboa Capital Corporation dgarland@mcdr-law.com, tlansman@mcdr-law.com |
| David L. Bury, Jr. | on behalf of Debtor Middle Georgia Vascular Surgery Center L.L.C. dbury@stoneandbaxter.com lchapman@stoneandbaxter.com;wporter@stoneandbaxter.com;tnorton@stoneandbaxter.com |
| Robert G. Fenimore | on behalf of U.S. Trustee U.S. Trustee - MAC robert.g.fenimore@usdoj.gov Ustp.region21.mc.ecf@usdoj.gov |
| Stephan Alan Ray | on behalf of Creditor Ameris Bank through its division Balboa Capital Corporation sray@mcdr-law.com, tlansman@mcdr-law.com |
| U.S. Trustee - MAC | Ustp.region21.mc.ecf@usdoj.gov |

TOTAL: 5