**SO ORDERED.**

**SIGNED this 9 day of July, 2026.**

Robert M. Matson

**Robert M. Matson**
**United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **MIDDLE GEORGIA VASCULAR SURGERY CENTER L.L.C.,** | : | **Chapter 11 Case No. 26-51113-RMM** |
| | : | |
| **Debtor.** | : | |

# ORDER ON DEBTOR'S MOTION FOR ENTRY OF AN ORDER (A) AUTHORIZING DEBTOR TO PAY CERTAIN PRE-PETITION CLAIMS OF CRITICAL VENDORS AND (B) AUTHORIZING FINANCIAL INSTITUTIONS TO HONOR ALL RELATED CHECKS AND ELECTRONIC PAYMENT REQUESTS

Debtor having moved for an Order, pursuant to 11 U.S.C. §§ 105(a) and 1107(a), for authority to establish Critical Vendor Payment Procedures (Dkt. No. 6) (the "**Motion**"). The Motion having come on for an expedited hearing on July 9, 2026 (the "**Hearing**"); the Court having heard from Debtor and other interested parties at the Hearing; and the Court finding that (a) it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this is a core proceeding, (c) notice of the Motion was sufficient and no further notice is necessary, (d) the relief requested in the Motion is in the best interest of Debtor, its estate, and its creditors, (e) good and sufficient cause exist for such relief; and (f) upon the record herein and after due deliberation, good and sufficient cause appearing, it is therefore

ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED.

2. Debtor is authorized, but not directed, to pay Critical Vendor Claims.

3. Notwithstanding anything to the contrary in this Order, the relief herein is granted solely to the extent that it is consistent with any order authorizing the continued use of "cash collateral."

4. Debtor is authorized, but not directed, to make payments to Critical Vendors an aggregate amount not to exceed $143,117.54, which Critical Vendors and the amounts that may be paid to each Critical Vendor are as described on Exhibit B attached to the Motion.

5. As a prerequisite to payment of any Critical Vendor Claim, Debtor will use reasonable efforts to require Critical Vendors to agree to continue transacting business with Debtor post-petition on Customary Trade Terms (as defined in the Motion) for such duration of time as agreed to by Debtor and the particular Critical Vendor, unless otherwise agreed to by Debtor and the particular Critical Vendor.

6. In return for receiving payment on account of any Critical Vendor Claim, the Critical Vendors, through the endorsement of any check for payment or other written acknowledgement, shall be deemed to have agreed to continue supplying products, supplies, or services to Debtor upon Customer Trade Terms for such duration of time as agreed to by Debtor and the particular Critical Vendor, or such other terms and conditions as are agreed to by Debtor and the particular Critical Vendor.

7. If, after receipt of payment for any Critical Vendor Claim, a Critical Vendor refuses to continue to provide products, supplies, or services upon the Customary Trade Terms as agreed to with Debtor, then Debtor may (i) declare that any payment made to such Critical

Vendor on account of its pre-petition claim shall be deemed to have been in payment of then-outstanding post-petition claims of such Critical Vendor without further order of the Court or action by any person or entity; (ii) require that the Critical Vendor immediately repay to Debtor any payment made to it on account of its pre-petition claim, without the right of any setoff, claim, provision for payment of reclamation or trust fund claim, or otherwise; and (iii) seek redress with the Court for failure to comply with Customary Trade Terms.

8. Nothing in this Order nor any action taken by Debtor in furtherance of the implementation hereof shall be deemed an approval of the assumption or rejection of any executory contract or unexpired lease pursuant to Section 365 of the Bankruptcy Code.

9. Nothing in this Order shall impair the ability of Debtor or appropriate party in interest to contest any claim, or assert any right, claim, or defense related thereto.

10. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, or enforcement of this Order.

11. The Debtor shall, within three (3) business days hereof, serve a copy of this Order on all parties that received notice of the Motion, as well as all parties that have appeared in this case and requested notice, and each Critical Vendor. Debtor shall file a certificate of service evidence such service.

**END OF DOCUMENT**

**Order Prepared and Submitted By:**

*/s/ David L. Bury, Jr.*
David L. Bury, Jr.
Georgia Bar No. 133066
Stone & Baxter, LLP
577 Third Street
Macon, Georgia 31201
478.750.9898

478.750.9899 (fax)
dbury@stoneandbaxter.com
Proposed Counsel for Debtor

**EXHIBIT B**

**Critical Vendors**

| **Vendor** | **Pre-Petition Claim** | **Critical Service/Material** |
| --- | --- | --- |
| Boston Scientific | $120,027.84 | This is the only company that makes Varithena, a foam product that the Debtor must use to treat specific superficial veins in certain patients (based on their insurance guidelines/algorithm, vein size, symptoms, etc.). |
| McKessen Medical Surgical | TBD | This is the critical source for all of Debtor's medications. This might be a zero balance vendor, but Debtor is seeking critical vendor status subject to further investigation. |
| Medtronic USA, Inc. | $23,089.70 | This is the only company that makes VenaSeal, an adhesive product that Debtor must use to treat specific superficial veins in certain patients (based on their insurance guidelines/algorithm, vein size, symptoms, etc.) |
| Merit Medical Systems, Inc. | TBD | This is Debtor's critical source of mini access kits and sheaths for venous procedures. This might be a zero balance vendor, but Debtor is seeking critical vendor status subject to further investigation. |
| **Total** | **$143,117.54** | |

United States Bankruptcy Court

Middle District of Georgia

In re: Case No. 26-51113-RMM
Middle Georgia Vascular Surgery Center L Chapter 11
Debtor

# CERTIFICATE OF NOTICE

District/off: 113G-5 User: auto Page 1 of 2
Date Rcvd: Jul 09, 2026 Form ID: pdfntc Total Noticed: 1

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 11, 2026:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | + | Middle Georgia Vascular Surgery Center L.L.C., 1025 N. Houston Road, Warner Robins, GA 31093-1505 |

TOTAL: 1

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI).

NONE

# BYPASSED RECIPIENTS

**The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.**

NONE

# NOTICE CERTIFICATION

**I, Gustava Winters, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 11, 2026 Signature: /s/Gustava Winters

---

# CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 9, 2026 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| David A. Garland | on behalf of Creditor Ameris Bank through its division Balboa Capital Corporation dgarland@mcdr-law.com, tlansman@mcdr-law.com |
| David L. Bury, Jr. | on behalf of Debtor Middle Georgia Vascular Surgery Center L.L.C. dbury@stoneandbaxter.com lchapman@stoneandbaxter.com;wporter@stoneandbaxter.com;tnorton@stoneandbaxter.com |
| Robert G. Fenimore | on behalf of U.S. Trustee U.S. Trustee - MAC robert.g.fenimore@usdoj.gov Ustp.region21.mc.ecf@usdoj.gov |
| Stephan Alan Ray | on behalf of Creditor Ameris Bank through its division Balboa Capital Corporation sray@mcdr-law.com, tlansman@mcdr-law.com |
| U.S. Trustee - MAC | Ustp.region21.mc.ecf@usdoj.gov |

TOTAL: 5