**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | : | |
| | : | |
| **MIDDLE GEORGIA VASCULAR SURGERY CENTER L.L.C.,** | : | **Chapter 11 Case No. 26-51113-RMM** |
| | : | |
| **Debtor.** | : | |

**MOTION OF DEBTOR FOR AN ORDER DETERMINING THAT APPOINTMENT OF OMBUDSMAN IS NOT NECESSARY**

COMES NOW Middle Georgia Vascular Surgery Center L.L.C. ("**MGVSC**"), Debtor and Debtor-in-Possession in the above-styled case, and files this motion seeking a determination that the appointment of an ombudsman pursuant to 11 U.S.C. § 333(a) is not necessary in this case (the "**Motion**"), respectfully showing as follows:

1. MGVSC filed its voluntary petition for relief under Chapter 11 of the Bankruptcy Code on July 1, 2026.

2. Debtor continues to operate its business and manage its property as debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3. No creditor's committee has been appointed. No trustee or examiner has been appointed.

4. MGVSC is a vascular medical practice that treats patients with vascular disease, with a primary focus on vein disease. Vascular imaging and lab work is done in-house, while also providing in-house superficial vein treatments and wound services.

5. Debtor qualifies as a "health care business" pursuant to 11 U.S.C. § 101(27A).

6. On July 2, 2026, this Court entered an *Order for Appointment of Patient Care Ombudsman* (the "**Ombudsman Order**") pursuant to 11 U.S.C. § 333. (Dkt. No. 10).

7. Pursuant to the Ombudsman Order, any party-in-interest could seek a determination that appointment of an ombudsman is not necessary within twenty-one (21) days of the entry of the Ombudsman Order.

8. Debtor submits that the appointment of a patient care ombudsman is not necessary under the specific circumstances for this case for the protection of patients.

9. Debtor is a general provisional provider of day-to-day medical needs and does not provide long-term nursing, surgeries, or overnight care of patients.

10. Debtor has the equipment necessary for the treatment of patients at its office.

11. Debtor's financial distress has not affected patient care, and Debtor has not received complaints from patients regarding the quality of care provided since the filing of its bankruptcy case.

12. If any of Debtor's patients decide to seek care from a different provider, then such patients are provided with a copy of all medical records.

13. The circumstances prompting the filing of the bankruptcy case are wholly unrelated to the quality of patient care and are instead solely the result of unrelated financial distress.

14. Patient care has not been adversely affected by Debtor's bankruptcy filing, and Debtor understands its obligations to maintain patient records and provide copies of the records to patients who decide to seek care from a different provider.

**WHEREFORE**, Debtor prays that this Court find that the appointment of a patient care ombudsman is not necessary under the specific circumstances of this case for the protection of patients and enter an Order in accordance with such determination.

Respectfully submitted this 23rd day of July, 2026.

**STONE & BAXTER, LLP**
By:

*/s/ David L. Bury, Jr.*
David L. Bury, Jr.
Georgia Bar No. 133066
E. Tate Crymes
Georgia Bar No. 48618
dbury@stoneansbaxter.com
tcrymes@stoneandbaxter.com

Proposed Counsel for Debtor

577 Third Street
Macon, Georgia 31201
478.750.9898
478.750.9899 (fax)